IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATE LIVERMORE, a minor, by his
mother and guardian TARA TUCHEL,

                                              ORDER
                Plaintiff,

                                     10-cv-524-bbc

        v.

CITY OF HUDSON, ST. CROIX COUNTY,
ST. CROIX SHERIFF'S DEPARTMENT,
JOSHUA STENSETH, individually and in his capacity
as an officer of the St. Croix County Sheriff's Department
and DANIEL C. CHRISTENSON,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 17, 2009, plaintiff Nate Livermore was at the home of a friend in Hudson, Wisconsin, when defendant Daniel Christenson arrived at the home and began firing his handgun. Plaintiff's friend called 911 and law enforcement officers, including defendant Joshua Stenseth and his law enforcement canine "Ace," responded to the scene. Eventually, plaintiff and his friends escaped through a basement window and fled the house. As plaintiff was running away, defendant Stenseth released Ace, who apprehended plaintiff, causing injuries to plaintiff's arm and leg. Plaintiff sued the various responding law

1

enforcement agencies involved, bringing claims under 42 U.S.C. § 1983 and state law.  He also sued Joshua Stenseth and Daniel Christenson.

Defendants City of Hudson, St. Croix County, St. Croix Sheriff's Department and Joshua Stenseth filed motions for summary judgment.  However, before the court decided those motions, plaintiff either voluntarily dismissed or reached a settlement agreement with those defendants.  Thus, the only defendant remaining in the case is defendant Christenson, who is not a law enforcement agent and against whom plaintiff has asserted only state law claims.

When all the federal claims in a case have been dismissed, the general rule is that a district court should decline to exercise jurisdiction over any remaining state law claims under 28 U.S.C. § 1367(c)(3).  <u>Redwood v. Dobson</u>, 476 F.3d 462, 467 (7th Cir. 2007).  Although exceptions to this general rule exist, neither plaintiff nor defendant Christenson has asked the court to retain jurisdiction over the state law claims or explained why that would be appropriate now that the federal claims are dismissed.  Further, if I decided to exercise jurisdiction over the state law claims, this would mean holding a trial on plaintiff's claims against Christenson, who has not filed his own motion for summary judgment.  At this stage, the court has expended no resources that would be wasted by dismissing these state law claims.  In contrast, exercising jurisdiction over the claims would require the court to expend significant resources to resolve them.  Because neither side has shown that it

2

would be an efficient use of judicial resources to resolve the state law claims, I am declining to exercise jurisdiction over them.

ORDER

IT IS ORDERED that the court declines to exercise jurisdiction over plaintiff Nate Livermore's state law claims against defendant Daniel Christenson.  Those claims are DISMISSED WITHOUT PREJUDICE to plaintiff's refiling them in state court.  The clerk of court is directed to close this case.

Entered this 25th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3